HENRY BURGESS *vs.* INHABITANTS OF WAREHAM.

The declarations of a surveyor of highways, in relation to work done on the highways of the town under a contract made by him within the scope of his authority, uttered some months after the completion of the work, though before the expiration of his official year, are not admissible in evidence against the town.

ACTION OF CONTRACT for work done in January 1853, in removing snow from a highway in Wareham, under an employment by the surveyor of highways for the district in which the work was done. Answer, that the plaintiff did not do the work pursuant to his employment by the surveyor; but, after the surveyor had himself done the work agreed for, worked in another place, where no work was needed.

At the trial in the court of common pleas, before *Bishop,* J., the surveyor was called as a witness by the plaintiff; but his

testimony was adverse to the plaintiff, and tended strongly to sustain the defence.

The plaintiff then called another witness, and asked him whether he had any conversation with the surveyor, during the term of his continuance in office for the year, in relation to the claim of the plaintiff now in suit; and what the conversation was. It was not pretended that the defendants, upon the cross-examination of the surveyor, had elicited any evidence to which the conversation could be contradictory; and the defendants, upon that ground, and also on the grounds that the plaintiff should not be allowed to contradict his own witness, and that the evidence was mere hearsay, objected to each of the questions. But the court overruled the objections, and admitted the evidence, " upon the ground that it was an admission or declaration of the surveyor, while he was in office, in regard to the contract in suit; and not to contradict the witness."

The witness then testified that he was one of the town's committee on accounts at the meeting in March 1853; that before that committee reported, and before the election of surveyors for the ensuing year, the plaintiff handed him the bill now in controversy; and he presented it to the surveyor, who said it was too much, and mentioned a much smaller sum as the sum that should be allowed upon it, and gave the witness to understand that the plaintiff did not do the work where he expected him to do it, but where there was no need of it, and that it would be better to allow the plaintiff the smaller sum than to have a controversy.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. Ames & E. Robinson,* for the defendants, cited Rev. Sts. c. 25, §§ 3, 13; *Armstrong* v. *Wendell,* 9 Met. 525; *Loker* v. *Brookline,* 13 Pick. 343; 2 Stark. Ev. (5th Amer. ed.) 24; 1 Greenl. Ev. § 113, *& note;* Story on Agency, §§ 134–137; *Helyear* v. *Hawke,* 5 Esp. R. 72; *Peto* v. *Hague,* 5 Esp. R. 135; *Langhorn* v. *Allnutt,* 4 Taunt. 511; *Kahl* v. *Jansen,* 4 Taunt. 565; *Cooley* v. *Norton,* 4 Cush. 93; *Stiles* v. *Western Railroad,* 8 Met. 44; *O'Kelly* v. *O'Kelly,* 8 Met. 440.

*W. H. Wood*, for the plaintiff, cited *Baring* v. *Clark*, 19 Pick. 220; *Garth* v. *Howard*, 8 Bing. 451; *Biggs* v. *Lawrence*, 3 T. R. 454; *Burt* v. *Palmer*, 5 Esp. R. 145; *Palethorp* v. *Furnish*, 2 Esp. R. 511, *note ; Corbin* v. *Adams*, 6 Cush. 93; *Barry* v. *Foyles*, 1 Pet. 311.

SHAW, C. J. The court are of opinion that proof of the admissions and declarations of the surveyor of highways, made long after the alleged contract made by the surveyor with the plaintiff for the removal of snow from the highways of the town had been made, and also after all work done in supposed execution of such contract in the removal of snow had ceased, was incompetent. They were not relied on as impeaching or controlling the testimony of the surveyor, who was the plaintiff's own witness—which clearly could not be done; but as the confessions and admissions of the defendants themselves, in consequence of the relation of principal and agent, subsisting between the town and the surveyor.

The declarations and statements of an agent, in negotiating a contract for his principal, or in carrying it into execution, are admissible as part of the acts done, and as giving a character to and qualifying the acts, and so within the scope of his authority, and, like all other acts so done, bind his principal. And when it is said that his declarations are competent, made whilst his agency continues, we understand it to mean, not whilst he continues to hold the office in respect to which he made the contract, but during the negotiation or execution of the contract. After the particular negotiation or transaction, out of which the controversy grows, has ceased and terminated, though the agent continues to hold the same office, or the same delegated authority, the declarations of the agent are not binding on the principal. His declarations would be mere hearsay, like those of any other person. He may be called as a witness, like any other person; he was so called in the present case. In addition to the authorities cited in the able argument of the counsel for the defendants, we would refer to *Bauerman* v. *Radenius*, 7 T. R. 663; and *Fairlie* v. *Hastings*, 10 Ves. 123. *Exceptions sustained.*